[L. A. No. 10917. In Bank.—September 27, 1928.]

HERBERT M. BARUCH CORPORATION (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Loewenthal, Lissner, Roth & Gunther and Albert A. Rosenshine for Petitioner.

No appearance for Respondents.

THE COURT.—This is an application for an alternative writ of mandate to compel the respondent Superior Court to set for trial a cause pending in said court entitled, "*Herbert M. Baruch Corporation* v. *Hartford Accident and Indemnity Co. et al.,*" on the asserted ground that the cause is at issue and has not proceeded to a valid judgment. The cause had theretofore been set for trial on March 23, 1928, and from March 27 to April 19, 1928, a trial had taken place before the Honorable Stephen G. Long, sitting as judge of

the Superior Court under assignment as such by order of the chairman of the Judicial Council. Judge Long is a judge of the municipal court of the city of Long Beach. He was originally assigned to the Superior Court in and for the county of Los Angeles from January 3 to March 31, 1928. By subsequent order he was assigned to said Superior Court from April 1 to and including June 30, 1928. He was again assigned to said Superior Court beginning July 2 to and including September 29, 1928. On May 15, 1928, following the conclusion of the trial of said cause and while he was presiding in one of the departments of said Superior Court, Judge Long made and entered an order for judgment in favor of the defendants in said cause and directed the defendants to prepare and serve proposed findings and judgment. On August 27, 1928, findings of fact and conclusions of law and judgment in favor of said defendants were signed by Judge Long and filed. It is the contention of the petitioner that the findings and judgment so signed and filed were and are a nullity by reason of the fact that there was an interval of time between, or a so-called "interregnum" in, the service of Judge Long in said Superior Court because of the expiration of his second assignment on June 30th and the commencement of his next assignment on July 2d, and that, therefore, all of the powers of said judge to act further in said cause were terminated on June 30th and were not revived by the subsequent assignment of July 2d.

Each order of the chairman of the Judicial Council assigned Judge Long "to sit as judge of the said superior court in and for the county of Los Angeles beginning [specifying the dates], and thereafter to act as such until all matters heard or partially heard or submitted to you therein shall have been completed and disposed of by you, and also for the purpose of hearing and determining any motion after judgment in a case decided by you."

It is not contended by the petitioner that Judge Long did not regularly preside at the trial and order findings and judgment in said cause. Under the foregoing form of the order Judge Long's first and second assignment continued his service for all purposes of the disposition of said cause in the Superior Court after the expiration of the specific date named in the order of assignment. In signing findings

and judgment in said cause in August, 1928, Judge Long was acting under the authority of the orders of assignment from January 3 to June 30, 1928, and the subsequent assignment from July 2 to September 29, 1928, could have no effect upon his power to act under the prior assignments. Any other rule or method of procedure would not only be contrary to the plain import of the orders of assignment themselves, but would result in the greatest confusion in the disposition of causes by judges acting under assignment by the chairman of the Judicial Council.

There is no merit in the petition and the application for the alternative writ is denied.